UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILSHAUN KING,

        Petitioner,

v.

        CASE NO. 11-12836
        HONORABLE AVERN COHN

MARY BERGHUIS,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY (Doc. 9) AND HOLDING PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE

I.

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Wilshaun King ("Petitioner") was convicted of first-degree murder, assault with intent to commit murder, and assault with intent to commit great bodily harm less than murder following a jury trial in the Wayne County Circuit Court in 2005. He was sentenced to concurrent terms of life imprisonment without parole, 10 to 50 years imprisonment, and 35 months to 10 years imprisonment on those convictions. Petitioner raises a confrontation claim in his current habeas petition. Before the Court is Petitioner's motion to stay this case and hold his petition in abeyance so that he can return to state court to exhaust his remedies as to claim concerning defense counsel's failure to inform him of plea negotiations and/or a plea offer. For the reasons that follow, the motion will be granted.

II.

Federal law provides that a habeas petitioner is only entitled to relief if he can

show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. The petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

      Here, Petitioner seeks a stay so that he may present a new claim to the state courts by filing a motion for relief from judgment under Michigan Court Rule 6.500 *et seq.* with the state trial court and then pursuing an appeal if necessary. A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and

abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id.* at 277.

Petitioner has shown the need for a stay. His ineffective assistance of counsel claim is unexhausted and the one-year limitations period applicable to federal habeas actions could pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). Additionally, Petitioner may have discovered the legal or factual basis for his claim after the conclusion of his direct appeal. Petitioner has therefore shown good cause for failing to previously present his unexhausted claim to the state courts. Additionally, the unexhausted claim does not appear to be plainly meritless and there is no evidence of intentional delay. Petitioner's unexhausted claim should be addressed to, and considered by, the Michigan courts in the first instance.

III.

Accordingly, Petitioner's motion to stay the proceedings is GRANTED. Proceedings in this case are STAYED and the petition is held in abeyance. The stay is conditioned on Petitioner presenting his unexhausted claim to the state courts within 60 days of this order by filing a motion for relief from judgment with the trial court. *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend his petition, using the same caption and case number, within 60 days after fully exhausting state court

remedies. *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be dismissed. Finally, this case is CLOSED for administrative purposes pending compliance with these conditions.

     SO ORDERED.


                                    S/Avern Cohn
                                    AVERN COHN
                                    UNITED STATES DISTRICT JUDGE

Dated: August 2, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 2, 2013, by electronic and/or ordinary mail.

                                    S/Sakne Chami
                                    Case Manager, (313) 234-5160