UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILSHAUN KING,

        Petitioner,

v.　　　　　　　　　　　　　　　　　　CASE NO. 11-12836
　　　　　　　　　　　　　　　　　　　　HONORABLE AVERN COHN

MARY BERGHUIS,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION TO STAY
### AND HOLD HABEAS PETITION IN ABEYANCE (Doc. 21)

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Wilshaun King ("Petitioner") was convicted of first-degree murder, assault with intent to commit murder, and assault with intent to commit great bodily harm less than murder following a jury trial in the Wayne County Circuit Court in 2005. He was sentenced to concurrent terms of life imprisonment without parole, 10 to 50 years imprisonment, and 35 months to 10 years imprisonment on those convictions.

Before the Court is Petitioner's motion to stay this case and hold his habeas petition in abeyance based upon a recent decision by the Michigan Court of Appeals in which the court held that *Lafler v. Cooper*, 566 U.S. 156 (2012) (the right to the effective assistance of counsel extends to the plea bargaining process), applies retroactively because the case did not announce a new rule. *See People v. Walker*, _ N.W.2d _, 2019 WL 2235956 (May 23, 2019). (Doc. 21). The Court has already allowed Petitioner amend/supplement his habeas petition in this reopened habeas case to add a

claim that trial counsel was ineffective for failing to inform him of a plea offer made during jury deliberations. (Petitioner's original pleadings included a claim that the trial court erred in refusing to hold an evidentiary hearing on the issue). Respondent has filed a supplemental answer to the habeas petition contending, in part, that the claim is time-barred, procedurally defaulted, and lacks merit.

Having reviewed the matter, the Court finds that a further stay of the proceedings is unnecessary based upon the *Walker* decision. On collateral review, the state trial court cited *Lafler* and denied Petitioner relief on his claim that trial counsel was ineffective for failing to convey a plea offer during jury deliberations. The state trial court found that Petitioner "failed to make meritorious arguments which establish that any errors occurred or that, but for the alleged errors, he would have accepted the alleged plea offer" and concluded that Petitioner failed to demonstrate actual prejudice under Michigan Court Rule 6.508(D)(3). *People v. King*, No. 06-0013764-FC (Wayne Co. Cir. Ct. Jan. 9, 2015). The state trial court thus did not deny Petitioner relief based upon any retroactivity analysis concerning *Lafler*; rather it considered *Lafler* in issuing its ruling. As such, the *Walker* decision has no bearing on this case. A stay is unwarranted. Accordingly, Petitioner's motion to stay is DENIED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 7/16/2019
Detroit, Michigan