**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILSHAUN KING,

      Petitioner,

v.

JACK KOWALSKI,

      Respondent.

_____/

Case No. 2:11-cv-12836
Honorable Linda V. Parker

**OPINION AND ORDER DENYING THE MOTION FOR
RECONSIDERATION (ECF NO. 25) AND DIRECTING THE CLERK OF
THE COURT TO TRANSFER THE MOTION FOR A CERTIFICATE OF
APPEALABILITY (ECF NO. 28) AND THE APPLICATION TO PROCEED
WITHOUT PREPAYING FEES AND COSTS ON APPEAL (ECF NO. 27)
TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH
CIRCUIT**

On September 28, 2020, the Court denied Petitioner's application for a writ of habeas corpus in part on the merits and in part on the ground that it was time-barred by the statute of limitations contained in 28 U.S.C. § 2244(d).  The Court also declined to issue a certificate of appealability. *King v. Kowalski*, No. 2:11-CV-12836, 2020 WL 5768897 (E.D. Mich. Sept. 28, 2020).

Petitioner has now filed a notice of appeal (ECF No. 26).  Petitioner has also filed a motion for reconsideration, a motion for a certificate of appealability, and an application to proceed without prepaying fees and costs on appeal.  For the reasons that follow, the motion for reconsideration will be denied.  The Court orders that

1

Petitioner's motion for a certificate of appealability and the application to proceed without prepaying fees or costs on appeal to be transferred to the United States Court of Appeals for the Sixth Circuit.

This Court lacks jurisdiction to consider Petitioner's motion for reconsideration because Petitioner has filed a notice of appeal in this case. A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). Because Petitioner has filed a notice of appeal, this Court lacks jurisdiction to amend its original opinion and order to consider the merits of Petitioner's case. *Workman,* 958 F.2d at 167-68; *see also Raum v. Norwood,* 93 F. App'x 693, 695 (6th Cir. 2004) (Plaintiffs deprived district court of jurisdiction over their motion for reconsideration by filing notice of appeal before district court had chance to make decision on motion to reconsider).

Petitioner has also filed a motion for certificate of appealability. This Court notes that the proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for a

writ of habeas corpus or the motion to vacate sentence.  *See Sims v. U.S.,* 244 F.3d 509 (6th Cir. 2001) (citing Fed. R. App. P. 22(b)(1)).  In light of the fact that this Court has already denied Petitioner a certificate of appealability, Petitioner should direct his request for a certificate of appealability to the Sixth Circuit.  The Court, in the interests of justice, will order that the motion for a certificate of appealability be transferred to the United States Court of Appeals for the Sixth Circuit.

Petitioner's notice of appeal divests this Court of jurisdiction to consider his application to proceed without prepaying fees and costs on appeal. *See Johnson v. Woods,* No. 5:12–11632; 2013 WL 557271, *2 (E.D. Mich. Feb. 13, 2013); *Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983).  Jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal; Petitioner's application to proceed *in forma pauperis* on appeal should be addressed by the Sixth Circuit.  In the interests of justice, this Court orders that the application to proceed without prepayment of fees and costs be transferred to the Sixth Circuit for that court's consideration. *See Baker v. Perry,* No. 2:12–10424; 2012 WL 6097323, *2 (E.D. Mich. Dec. 6, 2012).

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (ECF No. 25) is **DENIED**.

3

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer

Petitioner's motion for a certificate of appealability (ECF No. 28) and the application

to proceed without prepaying fees and costs on appeal (ECF No. 27) to the United

States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 3, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 3, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager
